```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWAYNE IRVING                    :    CIVIL ACTION
                                 :
         v.                      :
                                 :
PROGRESSIVE SPECIALITY           :
INSURANCE COMPANY                :    NO. 11-7594
```

MEMORANDUM

McLaughlin, J.                                      July 16, 2012

      This is a declaratory judgment suit concerning underinsured motorist ("UIM") benefits sought by the plaintiff from his insurer, the defendant.  The plaintiff seeks a declaratory judgment clarifying that the amount he is entitled to recover from the defendant for damages from a car accident can be reduced only by $15,000, the amount he has recovered from a settlement with one tortfeasor.  The defendant contends that any recovery by the plaintiff should be reduced not only by the $15,000, but also by the insurance coverage of $300,000 held by another party against whom the plaintiff has a tort case pending in state court.

      Both parties moved for summary judgment on the insurance contract underlying the plaintiff's claim.  Under Pennsylvania law, an insured can only recover UIM benefits from his insurer in excess of the amount of coverage available from tortfeasors.  Therefore, the Court will grant summary judgment in favor of the defendant.

I.   Summary Judgment Record

The plaintiff was involved in a car accident on September 15, 2007.  Def. Br., Ex. F # 2.  He brought two tort suits in state court, one against Lou, the other driver in the accident and another against Littel, a driver the plaintiff alleged "waived-on" Lou, contributing to the accident.  Def. Br., Exs. D, E.  The plaintiff settled his case with Lou for Lou's $15,000 insurance coverage.  Def. Br., Ex. F # 11.  The case against Littel is still pending in state court.  Id. # 14.  Littel's insurance policy provides liability coverage in the amount of $300,000.  Id. # 13.

The plaintiff brought this declaratory judgment suit against his insurer, regarding his underinsurance motorist coverage for the September 15, 2007 accident.  The defendant has taken the position that it is entitled to credit both the $15,000 paid and the $300,000 potentially available from Littel's insurer against any amount it might be found to owe the plaintiff.  The plaintiff claims that only the $15,000 actually paid to him should apply and brought this suit seeking a declaratory judgment of his rights.

At issue in this case is the "Exhaustion Clause" of the plaintiff's policy with the defendant.  It says:

> In determining the amount payable under this Part III, the amount of damages that an insured person is entitled to recover for bodily injury will be reduced by all sums:

2

>    1.   paid because of bodily injury by or on behalf of any person or organizations that may be legally responsible; and
>    2.   paid or payable because of bodily injury under any of the following or similar laws:
>         a)   workers' compensation law; or
>         b)   disability benefits law.
>    However, if an insured person enters into a settlement agreement for an amount less than the sum of the limits of liability under all applicable bodily injury liability bonds and policies, our limit of liability for Underinsured Motorist Coverage shall not exceed the difference between the damages sustained by the insured person and the sum of the applicable bodily injury liability limits.

Def. Br., Ex. 1 at 14-15.

Only the third paragraph is at issue in this case. The parties dispute the correct interpretation of the "applicable bodily injury liability limits" in this case.

II.  Discussion[1]

In a diversity suit such as this, the Court applies Pennsylvania case law. The leading case in this area is Boyle, a 1995 decision by the Pennsylvania Superior Court. Boyle v. Erie Ins. Co., 656 A.2d 941 (Pa. Super. 1995). In that case, the court held that an exhaustion clause in an insurance policy could

---

[1] Summary judgment is appropriate if the party moving for summary judgment can show that there are no issues of material fact and that judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing that there are no issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 250 (1986).

not validly be interpreted to require an insured to seek recovery from possible tortfeasors other than the owners and operators of the vehicles involved in the accident.  The Court also held that a claimant is entitled to accept a settlement of less than the insurance policy limit of a tortfeasor without waiving his ability to recover any UIM benefits.  Concerned, however, that an insured could settle for less than the policy amount and then seek to recover this "gap" from their own UIM coverage, the court held that "when the insured settled their claim against the tortfeasor's liability carrier for less than policy limits, the underinsured motorist carrier was entitled to compute its payment to its injured insured as though the tortfeasor's policy limits had been paid.  Id. at 943.

Pennsylvania courts have applied Boyle to hold that insurance companies are not prejudiced by underinsurance suits when tort suits are still pending so long as insurers are entitled to a credit of the full amounts of possible tortfeasors' insurance policy limits.  See Harper v. Providence Washington Ins. Co., 753 A.2d 282, ¶¶ 3, 12 (Pa. Super. 2000) (insured could pursue underinsurance coverage from insurance company when suits against tortfeasors had not been settled, "so long as a credit is given to the insured's insurance company" in the amount of the face-value of the liability coverage held by the tortfeasor); Krakower v. Nationwide Mut. Ins. Co., 790 a.2d 1039 (Pa. Super.

2001) (insurer cannot prevent an underinsurance suit while tort suits are being litigated so long as it is given a set off of the full amount of the tortfeasor's insurance policy coverage).

Pennsylvania courts have also held that UIM awards are properly reduced by the full amount of tortfeasor's policy limits even when plaintiffs have settled for less than that amount. D'Adamo v. Erie Insur. Exchange, 4 A.3d 1090, 1098-99 (Pa. Super. 2010).

District courts have predicted that the Pennsylvania Supreme Court would follow the reasoning of Boyle and applied the case in the same way. In Bremer, a district court held that an arbitration award properly reduced the plaintiff's recovery of underinsurance benefits by the difference between the amount he obtained in a settlement with the tortfeasor and the amount of the tortfeasor's policy limit. Bremer, Prudential Prop. & Casualty Insur. Co., No. 03-1810, 2004 WL 1920708 (M.D. Pa. Aug. 18, 2004).

In Standard Fire Insurance Co., there was dispute about whether the tortfeasor was acting in the scope of his employment and therefore covered by his employers insurance, but the parties settled the case rather than resolve that issue. In a declaratory judgment suit about the UIM credit, the court held that despite the uncertainty about the employer's tort liability, the insurance company was entitled to a credit in the full amount

of that policy.  The court said, "the <u>Boyle</u> case and the <u>Bremer</u> case are clear in the concern that the UIM carrier should receive credit up to the policy limits of the liability carrier." <u>Standard Fire Ins. Co. v. Wagner</u>, No. 05-0580, 2006 WL 1787580, at *3-*4 (M.D. Pa. June 26, 2006).

In <u>Chudyk-Heishman</u>, the insured argued that reducing her UIM benefits by the total policy limit of the tortfeasor when she had settled for much less amounted to an unlawful requirement that she fully litigate a weak claim against the tortfeasor.  The district court held that this issue was addressed by <u>Boyle</u> and <u>Bremer</u>, and the insurance company was entitled to a credit of the full policy amount.  <u>Chudyk-Heishman v. Liberty Mutual Insur. Co.</u>, No. 05-1559, 2006 WL 860316, at *6 (M.D. Pa. April 3, 2006).

The plaintiff makes two arguments to support his claim that only the $15,000 and not the additional $300,000 should be considered the "applicable bodily injury liability limits." First, he argues that the defendant had the opportunity to draft the contract to specifically define the term "applicable" and did not explicitly define that term to include suits against drivers like Littel.

The phrase in this contract, however, is similar to the one used in the contracts discussed in cases above.  The court in <u>Boyle</u> held that an exhaustion clause could not require an insured to bring suit against anyone other than "the owners and

6

operators" of the vehicles involved in the accident.  Thus "applicable" seems to include insurance policies of those owners and operators involved in the accident.  Courts have been unwilling to read additional limits into exhaustion clauses on the applicable types of liability insurance.  See, e.g., D'Adamo, 4 A.3d at 1098-99 (clause applies to tortfeasor's personal umbrella coverage); Standard Fire, 2006 WL 1787580 (clause applies to employer's policy).  Littel was the owner or operator of a vehicle involved in the September 15, 2007 accident, and therefore the exhaustion clause applies to her liability coverage.

Second, the plaintiff argues that the defendant's position would force him to litigate his case against Littel.  He argues that he should be able to recover against the defendant and then transfer his rights against Littel to the defendant to allow them to recoup any benefits paid to the plaintiff.

The plaintiff cites no case law to support his argument, and as the district court in Chudyk-Heishman held when faced with a similar argument, Boyle stands for he opposite conclusion.  The plaintiff is entitled to litigate or recover his suit against the tortfeasor as he chooses, but the exhaustion clause limits his recovery for UIM benefits.  The Court concludes that the defendant is entitled to a credit of the full amount of the tortfeasor's policy limit of $300,000, in addition to the

$15,000 credit that is not disputed by the parties

        An appropriate order will issue.